IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **PAUL MATTIA** <br> 2845 S. Hutchinson Street <br> Philadelphia, PA 19148 <br><br> Plaintiff, <br> v. <br><br> **MARY LOU BAKER** <br> 1501 Arch Street, 14th Floor <br> Philadelphia, PA 19102 <br><br> and <br><br> **JOHN DOES** <br> Defendants. | **No. 2:17-cv-04298** <br><br> **JURY TRIAL OF TWELVE (12) DEMANDED** |

# FIRST AMENDED
# CIVIL ACTION COMPLAINT

**I.   PARTIES**

1. Plaintiff, Paul Mattia is an individual residing at above mentioned address.

2. Defendant, Mary Lou Baker is an adult individual who, at all times material herein acted as Deputy Court Administrator, acting under color of state law, with an office at the above-captioned address. Defendant, Baker is named in her individual capacity only.

3. Defendants, John Does 1-10, is a moniker/fictitious name for individuals and entities currently unknown but will be substituted when known, as affiliated, associated or liable hereunder for the reasons set forth below or inferred therefrom. Each of these parties are incorporated as Defendants in each and every count and averment listed above and below. Each of these parties are named in their individual capacity only.

**II.    JURISDICTION & VENUE**

4.    Venue is proper in the in The United States District Court for The Eastern District of Pennsylvania because this is where the transactions and occurrences that give rise to the cause of action have taken place.

5.    Jurisdiction in this Honorable Court is based on a violation of federal law conferred by 28 U.S.C. § 1331; supplemental jurisdiction over state law claims is granted by 28 U.S.C. § 1367.

**III.    OPERATIVE FACTS**

6.    Plaintiff was hired by non-party, First Judicial District in January 1, 2000 as an Hearing Officer.

7.    Under the promotion procedure in the First Judicial District, employees could be promoted from Hearing Officer to a Hearing Officer I after two years of working as a Hearing Officer and meeting all expectations of the First Judicial District.

8.    In or around January 2002, Plaintiff was promoted to Hearing Officer I due to his exemplary work performance.

9.    Under the promotion procedure in the First Judicial District, employees could be promoted from Hearing Officer I to Hearing Officer II after four years of working as a Hearing Officer I and meeting all expectations of the First Judicial District.

10.    In or around January 2006, Plaintiff was promoted to Hearing Officer II due to his exemplary work performance.

11.    Under the promotion procedure in the First Judicial District, employees could be promoted to a supervisory position, Hearing Officer III, when there is availability and the employee meets expectations of evaluation in their employee performance rating report. There is no other explicit qualification required for this promotion.

12. Plaintiff applied for the Hearing Officer III position four times since 2006. However, despite the availability, Plaintiff's exemplary employee performance, and Plaintiff being better qualified than the other applicants, Plaintiff's application and promotion have been denied four times.

13. All four individuals selected for promotion for the Hearing Officer III positions have had less experience that Plaintiff.

14. In fact, Plaintiff has trained all four of the selected individuals for the Hearing Officer III positions.

15. For example, when non-party, Andrea Rosengarten was promoted in or about 2011 to a Hearing Officer III position, rather than Plaintiff, the First Judicial District Administration directed Plaintiff to train Rosengarten on how to perform the duties of the Hearing Officer III position.

16. Further, Plaintiff has trained every Hearing Officer hired for the position since 2010, which totals several dozen individuals.

17. On or about March 2016, Plaintiff's Supervisor, non-party, Laura Cavanaugh insisted that Plaintiff once again apply for the Hearing Officer III position.

18. Plaintiff applied for the position and included letters of recommendation from Judges McLaghlin, Joel Johnson, and Holly Ford.

19. Of the applicants who applied for the position in March 2016, Plaintiff was the most qualified applicant.

20. The applicants are then interviewed by a panel of four employees, with Defendant, Baker in attendance.

21. After all applicants are interviewed, the panel makes a recommendation to Defendant, Baker.

22. Baker has the authority to accept or reject the recommendation; i.e. Baker has the authority to reject the panel's recommendation and select a different applicant.

23. Baker then makes the final recommendation to Judge Murphy for approval.

24. Upon information and belief, the final recommendation to Judge Murphy is a formality. Upon information and belief, Judge Murphy has never rejected a recommendation.

25. However, despite being the most qualified applicant, Plaintiff's application and promotion once again was denied on or about April 5, 2016.

26. In attempting to understand the denial, in an effort to improve his future prospects, Plaintiff made multiple attempts to understand why he was not selected and to understand the selection process and criteria.

27. Finally, in or around mid-May, Plaintiff was given an opportunity to meet with the First Judicial District Administration on or about May 25, 2016. However, Defendant, Baker refused to participate in the meeting.

28. At the meeting, Plaintiff was not provided with specific reasons as to why Plaintiff has not been promoted for years despite his consistent application.

29. Upon information and belief, the four-employee panel recommended Plaintiff for the promotion in Spring 2016. However, Defendant, Baker

30. However, upon information and belief, Defendant, Baker rejected the panel's recommendation of Plaintiff in retaliation for Plaintiff's involvement outside of work in union activities – in violation of his Constitutional Rights protected in the First Amendment.

31.     Over the past decade, Plaintiff has served as a representative of the local union, actively protecting the rights of employees of the First Judicial District.

32.     Similarly, the other two union representatives or "Shop Stewards" likewise have been denied promotion, upon belief, by Defendant, Baler in retaliation for their union activities.

33.     Defendant, Baker have shown animus against Plaintiff and the other union representatives over the past decade.

34.     Defendant, Baker has historically and routinely treated Plaintiff differently from non-union employees in personal interactions on a day-to-day basis.

35.     In order to justify her decision, Baker even post hoc adjusted Plaintiff's annual evaluation for 2015 from "Exceeding Expectations" to "Meeting Expectations" without any factual basis for doing so.

36.     As a result of the consistent promotion rejections committed in retaliation for Plaintiff's involvement in the local union outside of work by Defendant, Baker, Plaintiff has suffered financial harm, emotional distress, and hedonomic damages as Plaintiff feels remarkably beaten down by Defendant, Baker who wrapped herself in the authority of the First Judicial District to act in violation of Plaintiff's civil liberties.

**IV.    COUNT OF ACTION**

**COUNT I**
**FIRST AMENDMENT VIOLATION**

37.     Plaintiff incorporates the foregoing paragraphs as if fully set forth at length herein.

38.     Plaintiff took actions outside of the workplace, i.e. his union activities and leadership position, which were not put of his employment duties.

39.     At all material times, Plaintiff was the most qualified candidate for the position of Hearing Officer III.

40. Defendant, Baker took adverse employment actions against Plaintiff, namely denying Plaintiff a promotion despite being the most qualified candidate for the position of Hearing Officer III.

41. Plaintiff's actions outside of the workplace was the sole, substantial, and/or motivating factor for Defendant, Baker's adverse employment action; i.e. Plaintiff would have been promoted in 2016 to the position of Hearing Officer III but for Plaintiff's union activities.

42. Defendant, Baker caused Plaintiff to suffer in violation of the First Amendment of the United States Constitution, actionable through 42 U.S.C. §1983, et seq., and state law.

## V.  PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court to enter a judgment in his favor and against Defendant, Baker in an amount in excess of $75,000.00, plus punitive, statutory damages, attorney fees, cost of suit along with whatever relief that this Court deems appropriate and proper including injunctive and/or equitable relief.

Respectfully Submitted,

| **WEISBERG LAW** | **SCHAFKOPF LAW, LLC** |
|---|---|
| */s/ Matthew B. Weisberg* | */s/ Gary Schafkopf* |
| Matthew B. Weisberg | Gary Schafkopf |
| Attorney Id. No.: 85570 | Attorney Id. No.: 83362 |
| L. Anthony DiJiacomo, III | 11 Bala Ave |
| Attorney Id. No.: 321356 | Bala Cynwyd, PA 19004 |
| 7 South Morton Ave. | 610-664-5200 Ext 104 |
| Morton, PA | Fax: 888-238-1334 |
| 610-690-0801 | |
| Fax: 610-690-0880 | *Attorneys for Plaintiff* |

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **PAUL MATTIA** <br> 2845 S. Hutchinson Street <br> Philadelphia, PA 19148 <br><br> **Plaintiff,** <br> v. <br><br> **MARY LOU BAKER** <br> 1501 Arch Street, 14th Floor <br> Philadelphia, PA 19102 <br><br> and <br><br> **JOHN DOES** <br>           **Defendants.** | **No. 2:17-cv-04298** <br><br> **JURY TRIAL OF TWELVE (12) DEMANDED** |

## CERTIFICATE OF SERVICE

I, Matthew B. Weisberg, Esquire, hereby certify that on this 1st day of December, 2017, a true and correct copy of the Plaintiff's First Amended Complaint was served via ECF upon the following parties:

Nicole S. Morris, Esq.
City of Philadelphia Solicitor's Office
1515 Arch Street, 14th Floor
Philadelphia, PA 19102

Michael Daley, Esq.
Andrew J. Coval, Esq.
Supreme Court of Pennsylvania
Administrative Office of PA Courts
1515 Market St., Ste. 1414
Philadelphia, PA 19102

**WEISBERG LAW**

/s/ Matthew B. Weisberg
Matthew B. Weisberg, Esquire
*Attorney for Plaintiff*