IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PAUL MATTIA | : | |
| | : | CIVIL ACTION |
| *Plaintiff* | : | |
| | : | NO. 2:17-cv-04298-HB |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, *et al.* | : | |
| | : | |
| *Defendants* | : | |

**Defendant Mary Lou Baker's Answer to the Amended Complaint**

**I.    Parties**

1. Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations.

2. Admitted only that Answering Defendant is a Deputy Court Administrator for the First Judicial District of Pennsylvania (FJD). The remaining allegations are conclusions of law to which no response is required.

3. This paragraph is a conclusion of law to which no response is required.

**II.    Jurisdiction and Venue**

4. –5. These paragraphs are legal conclusions to which no response is required.

6. Denied as stated. Plaintiff was hired by the FJD on January 3, 2000, as a Hearing Officer Trainee.

**III.    Operative Facts**

7. Denied as stated. Admitted that Hearing Officer Trainees may be

promoted to Hearing Officer I after two years as a Trainee if they satisfy all expectations.

8. Admitted only that in or around January 2002, Plaintiff was promoted to Hearing Officer I. The remainder of this paragraph is denied as stated.

9. Admitted that Hearing Officer I employees may be promoted to Hearing Officer II after four years as a Hearing Officer I if they satisfy all expectations.

10. Admitted only that in or around January 2006, Plaintiff was promoted to Hearing Officer II. The remainder of this paragraph is denied.

11. Denied as stated.

12. Denied as stated.

13. Denied as stated.

14. Denied as stated.

15. Denied as stated.

16. Denied as stated.

17. Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations; hence the allegations are denied.

18. Denied as stated. Admitted only that Plaintiff applied for a Hearing Officer III position and submitted letters.

19. Denied.

20. Denied as stated. Admitted only that interviews in March 2016 for Hearing Officer III were conducted by a five-person panel that included Answering Defendant.

21. Denied.

22. Denied as stated.

23. Denied as stated.

24. Denied as stated. Admitted only that Judge Murphy relies on the panel's recommendation to inform her decision.

25. Admitted only that Plaintiff's application was denied on or about April 5, 2016. The remainder of this paragraph is denied.

26. Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations; hence the allegations are denied. To the extent that the paragraph contains legal conclusions, no response is required.

27. Admitted only that Plaintiff met with FJD supervisors on or about May 25, 2016, and Defendant Baker was not present. The remainder of the paragraph is denied.

28. Denied as stated.

29. Denied.

30. This paragraph is a conclusion of law to which no response is required.

31. Answering Defendant is without sufficient knowledge or information to

form a belief as to the truth of these allegations; hence the allegations are denied. To the extent that the paragraph contains legal conclusions, no response is required.

32. Denied.

33. Denied.

34. Denied.

35. Denied as stated.

36. This paragraph is a conclusion of law to which no response is required.

**IV.     Count of Action**

### Count I
### First Amendment Violation

37. No response is required.

38. Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations; hence the allegations are denied. To the extent that the paragraph contains legal conclusions, no response is required.

39. Denied.

40. Denied.

41. Denied.

42. This paragraph is a legal conclusion to which no response is required.

**WHEREFORE**, Answering Defendant respectfully requests this Court to enter judgment in her favor and against Plaintiff.

## Affirmative Defenses

Answering Defendant asserts the following affirmative defenses. In addition to these defenses, Answering Defendant may allege additional defenses that become known during this case.

### First Affirmative Defense

The Amended Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Answering Defendant, at all relevant times, acted in good faith in full accord with the Constitution of the United States and the laws of the United States and the Commonwealth of Pennsylvania.

### Third Affirmative Defense

All claims based on allegations beyond the statute of limitations, such as Plaintiff's failure to be promoted prior to 2016, are barred.

### Fourth Affirmative Defense

All state law claims are barred by immunity under 1 Pa.C.S.A. § 2310.

**WHEREFORE**, Answering Defendant respectfully requests this Court to enter judgment in her favor and against Plaintiff.

Respectfully Submitted,


**/s/ Michael Daley**
MICHAEL DALEY, ESQUIRE
Attorney I.D. No. PA 77212
ANDREW COVAL, ESQUIRE
Attorney I.D. No. PA 321487
Supreme Court of Pennsylvania
Administrative Office of PA Courts
1515 Market Street, Suite 1414
Philadelphia, PA 19102
legaldepartment@pacourts.us
(215) 560-6300, Fax: (215) 560-5486

*Counsel for Defendant Mary Lou Baker*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAUL MATTIA : | |
| : | CIVIL ACTION |
| *Plaintiff* : | |
| : | NO.  2:17-cv-04298-HB |
| v. : | |
| : | |
| CITY OF PHILADELPHIA, *et al*. : | |
| : | |
| *Defendants* : | |

**Certificate of Service**

The undersigned certifies that on *December 15, 2017*, he personally caused to be served a true and correct copy of the foregoing *Answer* by CM/ECF to all counsel of record.

 

**/S/ Michael Daley**
MICHAEL DALEY, ESQUIRE
Attorney I.D. No. PA 77212
Supreme Court of Pennsylvania
Administrative Office of PA Courts
1515 Market Street, Suite 1414
Philadelphia, PA 19102
legaldepartment@pacourts.us
(215) 560-6300, Fax: (215) 560-5486
***Counsel for Defendant, Mary Lou Baker***